## In re WOLFE & Co., Bankrupts.*

(*District Court, E. D. Pennsylvania.* December 14, 1881.)

**1. DISCHARGE—DELAY IN APPLICATION—FINAL DISPOSITION OF CAUSE.**

After an adjudication in bankruptcy in an involuntary proceeding a meeting of creditors was held, an assignee elected, and a deed of assignment to him executed by the register. The assignee never expressed acceptance of the trust or entered security or filed an account, but, being also assignee of the bankrupts under a voluntary assignment for the benefit of creditors made prior to the bankrupt proceedings, he settled the estate and filed his account in the state court. The bankrupts then filed their petition for a discharge. Subsequently the state court, having confirmed the assignee's account, discharged him from the trust. *Held*, that the bankruptcy proceedings must be regarded as having come to an end by abandonment prior to the petition for discharge, and that the petition was, therefore, not presented before the final disposition of the cause, as required by act of July 26, 1876. *Held, further*, that even if the proceedings could be regarded as still alive, the petition would have to be dismissed for non-compliance with the bankrupt laws in prosecuting the case.

In Bankruptcy.

Exception to report of register upon application of bankrupts for discharge. The discharge was resisted on the ground of unreasonable delay in applying for it. On this point the register reported as follows:

"A petition was filed against the bankrupts November 17, 1873, and in January, 1874, John Dobson was appointed assignee. He does not appear from the record to have accepted the trust, although an assignment executed by the register is among the papers. He had been, by deed of the bankrupts of October 24, 1873, vested with the title to all their estate in trust for the benefit of their creditors. He proceeded with the settlement and filed his account in the court of common pleas No. 4 of the county of Philadelphia in December, 1876. It was referred to Wayne MacVeagh, Esq., as auditor. The auditor's report was filed in said court March 19, 1878, and confirmed *nisi*. On May 1, 1878, the bankrupts filed their petition for discharge, and on July 10, 1880,

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

Mr. Dobson was by the court of common pleas aforesaid discharged from his trust. The record in bankruptcy is therefore deficient in showing no report from the assignee in bankruptcy. The bankrupts have, however, presented a copy of the auditor's report, Mr. Dobson's account, notice published by him, and his petition for discharge and decree thereon, and they are herewith forwarded. The deficiency is, therefore, substantially supplied."

The register, after quoting the provisions of the act of congress of July 26, 1876, (19 St. at Large, 102,) which enacted that the application might be made "before the final disposition of the cause," proceeded as follows:

"Under the circumstances of the case I think the action of the assignee, as before set forth, may be considered as if in the bankruptcy proceedings, and that within the meaning of the act quoted the application of the bankrupts for their discharge was before the final disposition of the cause."

To this report exceptions were filed by creditors.

*E. H. Weil* and *George Peirce*, for exceptants.

*William Morris*, for bankrupts.

BUTLER, D. J.  November 26, 1873, Erasmus D. Wolfe and David H. Wolfe were adjudged bankrupts.  January 19, 1874, a meeting of creditors was held and an assignee elected.  Four days later the election was approved by the court, and the assignee required to give security in $10,000, as suggested by the register, the deed of assignment executed by the register being placed upon file.  Here the proceedings terminated.  Nothing further was done.  The assignee neither gave security as required by the court, nor expressed acceptance of the trust, as required by the statute.  The proceeding, in this incomplete condition, came to an end by abandonment.

A voluntary assignment for the benefit of creditors having been made on the twenty-fourth of October, 1873, the parties turned to it, and pursued the remedies thus afforded, through the instrumentalities of the state court.  Between the proceeding on this assignment and the proceeding in bankruptcy there is no connection whatever.  Finding the remedies afforded by the state court sufficient for their purposes, the parties contemplated no further prosecution of the proceeding here, and permitted it to die by inaction.  The petition for discharge, filed four years later, (when creditors were pressing for judgment,) had nothing whatever to rest upon.  The attempt thus to revive the defunct proceeding was abortive.  There was nothing to revive.  The proceeding itself was an abortion, dying in the throes of birth.  If it could be regarded as alive, however, the petition would

still have to be dismissed for non-compliance with the bankrupt laws, in prosecuting the case. *In re Young*, 9 FED. REP. 146, bears no resemblance to this case.

The petition must be dismissed.